(No. 38577.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LOUIS TRUELOCK, Plaintiff in Error.

*Opinion filed September 23, 1966.*

BERNARD B. NATHAN, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and E. JAMES GILDEA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant, Louis Truelock, was found guilty of unlawful possession of a narcotic drug by a jury in the circuit court of Cook County and was sentenced to a term of eight to ten years in the penitentiary. On this writ of error he urges reversal of his conviction on the grounds (1) that the

trial court erred in denying his motion to suppress certain evidence obtained at the time of his arrest without a search or arrest warrant, and (2) that the trial court erred in giving a certain instruction to the jury.

On the evening of November 22, 1962, at about 10:30 P.M., Chicago police officer Arthur Tyrell met an informer named Jerry Burns, who informed the officer of the existence of narcotics in an apartment at 1039 North La Salle Street, in Chicago. The informer was then taken to a police station where he was questioned, searched and given some marked money. The informer and officer Tyrell then proceeded to the apartment building at 1039 North La Salle Street and entered the building. The informer knocked on a door of one of the apartments in the building and was admitted. A short time later he came out and told the officer, "I made the buy. I have the 'H', here it is." He then handed two tinfoil packages to officer Tyrell, stating that he had acquired them from "Truelock" who was "sitting at the kitchen table".

The informer then knocked again at the apartment door, announced his name, and was again given permission to enter the apartment. The informer entered but was accompanied this time by police officers who, after stepping through the doorway, observed the defendant sitting at a kitchen table mixing a white powder. The defendant made several incriminating remarks admitting that he knew of the presence of heroin and marked money in the apartment. The defendant also told the police officer that he had narcotics in his watch pocket, and upon searching the defendant, the officers recovered a tinfoil package from defendant's watch pocket. The package contained heroin.

Defendant's initial contention is that his arrest without a warrant was unlawful and that the search incident thereto without a search warrant was therefore illegal and unconstitutional. It is well settled that a police officer may make an arrest without a warrant if he has reasonable grounds

to believe that the person to be arrested is committing or has committed a criminal offense. (Ill. Rev. Stat. 1965, chap. 38, par. 107—2; *People* v. *Jones,* 31 Ill.2d 42; *People* v. *Hightower,* 20 Ill.2d 361.) An informer's tip may provide such reasonable grounds for an arrest without a warrant if the officer has reasonable grounds for placing reliance on the tip. (*People* v. *Durr,* 28 Ill.2d 308; *People* v. *Beattie,* 31 Ill.2d 257; *People* v. *Jones,* 31 Ill.2d 240; *People* v. *Fleming,* 33 Ill.2d 431.) Evidence as to the previous reliability of the informer of course is significant in determining whether reliance on the tip was justified in a particular case. In the case before us, officer Tyrell testified that he had known the informer for about a year and a half and "had used him before 4 or 5 times". The officer further testified that he had found the informer's previous information to be reliable and "excellent". He also named a particular case in which a conviction had been obtained following an arrest based on the informer's tip. Officer Tyrell then set up a carefully controlled purchase at the address where the informer said narcotics were located, and prior to entering the defendant's apartment, officer Tyrell had every reason to believe that the informer's present tip was also reliable. In our opinion, these facts were sufficient to justify officer Tyrell's reliance on the informer's tip and to provide reasonable grounds for the defendant's arrest in this case.

The defendant was indicted for knowingly possessing a narcotic drug otherwise than as authorized by the Uniform Narcotic Drug Act of the State of Illinois. (Ill. Rev. Stat. 1965, chap. 38, par. 22—3.) Although section 3 of the act does not contain the word "knowingly", we have previously held that "To support a conviction of the crime of unlawful possession of narcotic drugs the People must prove not only that the accused had knowledge of the presence of the narcotics, but also that they were in his immediate possession and control." *People* v. *Galloway,* 28 Ill.2d 355, 358; *People* v. *Smith,* 20 Ill.2d 345; *People* v. *Matthews,* 18 Ill.2d 164.

The court gave the following instruction to the jury over the defendant's objection: "The court instructs the jury in the language of the statute that it is unlawful for any person to possess or have under his control any narcotic drug except as authorized in the statute." The defendant argues that the instruction and form of verdict should have contained the word "knowingly" since knowledge is an essential element of the crime of unlawful possession of narcotic drugs.

We agree that the trial court erred in giving the objected to instruction and form of jury verdict in this case. Without proof that a defendant has knowingly possessed a narcotic drug, a defendant cannot be convicted of the crime of unlawful possession of narcotic drugs, and the jury in this case should have been so instructed. However, we do not think that the error in this case requires reversal. "Even though error may have been committed in giving or refusing instructions it will not always justify reversal when the evidence of defendant's guilt is so clear and convincing that the jury could not reasonably have found him not guilty." (*People* v. *Ward,* 32 Ill.2d 253, 256.) In the present case, the evidence of the defendant's knowledge of the presence of narcotics is clear and convincing. We do not think that a jury could reasonably have found the defendant not guilty in this case, and therefore, reversal is not justified.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*