THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ARTHUR VAZQUEZ *et al.*, Defendants-Appellees.

(Nos. 52124, 52125, 52126, 52127 cons.; )

First District—March 29, 1971.

John J. Stamos, State's Attorney, of Chicago, (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel,) for the People.

Leo K. Wykell, of Chicago, for appellees.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Complaints were filed against the defendants alleging that they committed the offense of criminal trespass to land in that they "knowingly and willfully remained upon the land occupied by Board of Election Commissioners of the City of Chicago * * * after having been notified by [the chief of the Board], Agent for occupant of said premises to depart from said premises * * * in violation of ch. 38, par. 21—3 Illinois Revised Statutes * * *." Defendants' motion to quash the complaints was sustained by the trial court, on the ground that the statute only proscribed conduct wherein the initial entry onto the land was unlawful whereas the complaints alleged no facts showing unlawful entry; rather, the complaints alleged that the defendants remained upon the land after having been ordered to leave. The People prosecute this appeal pursuant to Rule 604 of the Illinois Supreme Court. Ill. Rev. Stat. 1969, ch. 110A, par. 604.

Counsel for defendants on appeal filed an appearance, but no brief has been filed. When the case was called for oral argument on March 1,

1971, defendants' counsel appeared and conceded in open court that the trial court committed error in the ruling on the motion to quash the complaints and that the ruling should be reversed. Counsel also represented to the Court that on remand he intended to file a plea in bar.

From the record it appears that on September 2, 1966, the four defendants allegedly entered the business offices of the Board of Election Commissioners located at 121 North La Salle Street in Chicago and participated in a "sit-down" demonstration by placing themselves in a seated position in the entrance-way to the offices. They allegedly refused to leave the premises when ordered to do so by Mr. Jack Przybylinski, chief clerk of the Board. Mr. Przybylinski subsequently swore out the complaints in question against the defendants.

Par. 21—3 (a) of the Criminal Code provides:

"Whoever enters upon the land or any part thereof of another, after receiving, immediately prior to such entry, notice from the owner or occupant that such entry is forbidden, or remains upon the land of another after receiving notice from the owner or occupant to depart, shall be fined not to exceed $100 or imprisoned in a penal institution other than the penitentiary not to exceed 10 days." Ill. Rev. Stat. 1969, ch. 38, par. 21—3(a).

The trial court was of the opinion that the conduct of the defendants was not such as was proscribed by the statute, since the defendants lawfully went upon the premises in question. The court stated that the statute "presupposes a situation where it is unlawful to be there in the first instance and the facts do not support this."

The statute reads in the disjunctive, and proscribes two types of conduct. The first is entry upon land with notice that such entry is prohibited; the second is remaining upon land after notice is given to depart, without regard to the lawfulness of the initial entry. In *People v. Goduto,* 21 Ill.2d 605, the Supreme Court discussed the danger inherent in the conduct of a person remaining upon land of another after being ordered to depart by one in authority. The Court noted that such situation created the danger of violence since self-help could be resorted to in ejecting the trespasser where there is no time to resort to the law. It is apparent that the legislature had this view in mind when it enacted par. 23—1 of the Criminal Code.

It would be an absurd result to hold that the legislature intended an entry upon land to be a trespass where the person entering has notice such entry is prohibited, but that an entry upon land, whether initially lawful or not, is not a trespass where the presence of the person entering is unwanted and the person is ordered to depart by one in authority. Such a result would mean that a business invitee, for example, could

lawfully enter a place of business and remain on the premises for purposes other than the transaction of business although he is requested to depart by one in authority. Further, such a holding would render the second portion of par. 23—1 (a), relating to remaining upon land, mere surplusage.

Although no Illinois case has been found interpreting this Section of the Criminal Code, the Ohio Court of Appeals has had occasion to interpret a statute of Ohio containing provisions identical to that here in question. In *State v. Carriker*, 5 Ohio App.2d 255, 214 N.E.2d 809, the defendant entered a department store and refused to depart when ordered to do so by one in authority. He argued on appeal that implicit in the concept of criminal trespass to land was the unlawfulness of the initial entry. In rejecting this argument, the reviewing court stated that the trespass statute there in question proscribed not only entry which was initially prohibited, but also proscribed remaining upon the land without legal authority after being notified to depart. In the instant case it cannot be seriously disputed that the complaints alleged facts bringing the defendants within the terms of par. 21—3 of the Criminal Code.

For these reasons the order dismissing each complaint is reversed and each cause is remanded with directions to reinstate each complaint and for further proceedings not inconsistent with these views.

Each order reversed and each order remanded with directions.

LYONS and GOLDBERG, JJ., concur.