THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD MIMS, Defendant-Appellant.

(Nos. 55404, 55405 cons.;

First District—September 22, 1972.

*Modified upon denial of rehearing October 30, 1972.*

Thomas Grippando, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, James R. Truschke, and William K. Hedrick, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court as modified upon denial of petition for rehearing:

The court, sitting without a jury found defendant guilty of unlawful

use of weapons [1] and criminal trespass to land.[2] He was fined $100 on each offense. The fine on the former charge was suspended, but because it appeared that defendant could not pay the remaining fine, he was confined in the County Jail until the fine was worked off at the rate of $5 per day. On appeal defendant contends: (1) that the State failed to prove him guilty of either offense beyond a reasonable doubt; (2) that he was wrongfully arrested for criminal trespass to land; (3) that because of the unlawful arrest, any subsequent search was also unlawful, and (4) that the record does not demonstrate that he was found guilty of criminal trespass to land.

At trial the State's sole witness, James Woods, testified that on June 4, 1970 he was a police officer assigned to security duty at the Central Y.M.C.A. school where at approximately noontime, he observed defendant, a former student of the school. Woods approached defendant, who said he was in the building to visit friends, advised him that he was not to be on the premises and immediately placed him under arrest. A search of defendant incident to that arrest uncovered a knife from his hip pocket. Defendant said he carried the knife for his own protection from the neighborhood gangs.

Defendant testified, on his own behalf, that on the morning of June 4, 1970, he went to Zenith Radio Corporation seeking employment. He then went to the school to get some information about a party. He carried the knife for protection because he had been attacked in the past.

■■ First, we turn to the question of whether defendant was proven guilty beyond a reasonable doubt of either offense. The statute covering the offense of criminal trespass to land (Ill. Rev. Stat. 1969, ch. 38, par. 21—3 (a) ), reads:

> "Whoever enters upon the land or any part thereof of another, after receiving, immediately prior to such entry, notice from the owner or occupant that such entry is forbidden, or remains upon the land of another after receiving notice from the owner or occupant to depart, shall be fined not to exceed $100 or imprisoned in a penal institution other than the penitentiary not to exceed 10 days."

A reading of this statute reveals that it covers two general types of situations. One being that where a person is notified immediately before entering upon the land of another that the entry is wrongful. The other where a person on the land of another is given notice to depart. Although the State contends that the record establishes that defendant had knowl-

---

[1] Ill. Rev. Stat. 1969, ch. 38, par. 24—1 (a) (2).
[2] Ill. Rev. Stat. 1969, ch. 38, par. 21—3.

edge that he was not to be on the school premises, the record contains no indication that "immediately prior" to defendant's entry he was notified that such entry was forbidden. Thus, the conviction could not be sustained under the first part of the statute. Nor can the proof support a conviction under the alternate section of the statute. The statute expressly requires that notice be given the intruder to depart. Implicit in this notice requirement is the additional requirement that defendant be given reasonable opportunity to leave the premises. (*See generally People v. Spencer* (1971), 131, Ill.App.2d 551, 555, 268 N.E.2d 192, 195.) The arresting officer testified that "I advised him he was not to be on the premises, and he was under arrest." On cross-examination the officer testified that the arrest came "immediately" after the warning. Clearly, defendant was given no opportunity to leave the premises after the warning and before his arrest. Thus, defendant's conviction for criminal trespass to land was improper and must be reversed.

■■ Since under the above circumstances the defendant's arrest was unlawful, the search which produced the knife was also unlawful. Therefore, we must reverse defendant's conviction for unlawful use of weapons. *See People v. Roebuck* (1962), 25 Ill.2d 108, 111-112, 183 N.E.2d 166, 168-169.

■■ The views expressed above render it unnecessary for us to consider the other matters raised by defendant. It is, however, necessary to consider one additional issue raised by the State. The State contends that by failing to make a post-trial motion, defendant failed to preserve the matters raised in this court. However, the record demonstrates that the defense counsel adequately pursued those matters in the trial court. At the close of the State's case-in-chief he argued unsuccessfully that the prosecution had failed to sustain its burden of proof. So also after the court made its finding of guilt, defense counsel moved to vacate but that motion was also denied. Thus, the trial judge was fully apprised of the points now made by defendant in this court and was given an opportunity to change his decision if he had seen fit to do so. This being the essential function of a motion for new trial the State's contention in this regard cannot prevail.

The judgment is reversed.

Judgment reversed.

DRUCKER and ENGLISH, JJ., concur.