The People of the State of Illinois, Plaintiff-Appellee, v. Gerald Williams, Defendant-Appellant.

(No. 74-413;

Fifth District—August 13, 1975.

162

Stephen P. Hurley and Thomas F. Sullivan, Jr., both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert Rice, State's Attorney, of Belleville (Bruce D. Irish and Myra J. Brown, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The defendant-appellant, Gerald Williams, was tried by a jury and found guilty of the offense of armed robbery. The circuit court of St. Clair County sentenced the defendant to a term of 4 to 6 years in the penitentiary. On appeal the defendant contends that the trial court improperly instructed the jury.

The grand jury indicted the defendant for the armed robbery of Timothy Vaughan which allegedly occurred in East St. Louis on September 11, 1973. At his arraignment on October 29, 1973, the defendant pled not guilty. Counsel was appointed. Subsequently, the court entertained motions by the defendant to suppress an incriminating statement taken by the police on September 20, 1973, and to suppress any identification of the accused by the complaining witness, Timothy Vaughan. The court denied both these motions and such evidence was later admitted at the defendant's trial.

In the defendant's statement to the police he confessed to taking a stereo tape case from the complaining witness' car. The defendant stated that on the day in question he had negotiated with Lamar Stepheny, an acquaintance, over the purchase of a gun in Stepheny's possession, but that he didn't buy it because he didn't have any money. The defendant related, "I then told him [Stepheny] that we could go make some money

with it, and he said come on, let's go." He said that the defendant, Stepheny, and another man travelled to Wurth's Milk Store in East St. Louis. Stepheny had the gun.

The confession continues by stating that when the threesome arrived at Wurth's, the defendant was warned by a white girl that someone in the milk store was carrying a gun. According to the confession, the girl told the accused to get into a car. As the security guard came out of the milk store with a gun in his hand, the defendant got into the front seat of a car driven by the complaining witness. When the defendant was let off a block or two away, he took the stereo tape case from the car. The defendant explained, "The dude [Timothy Vaughan] told me not to take his tapes, but I continued to get on out of the car, with the tapes, and he continued to say something else but I could not distinguish what was being said." The defendant, however, specifically denied possessing a gun at the time of his encounter with the complaining witness.

The defendant was brought to trial on November 27, 1973. In its case-in-chief the State produced four witnesses. Timothy Vaughan, Marilyn Lipe, and Cindy Lipe testified as occurrence witnesses. Police Sergeant Lawrence Brewer testified regarding the defendant's confession.

The testimony of the three occurrence witnesses was in substantial agreement concerning the relevant facts. After attending a night class in Collinsville, Illinois, on the evening in question, Timothy Vaughan, age 16, drove to the home of a friend, Marilyn Lipe, age 15. At the request of Marilyn's mother, Vaughan, Marilyn, Cindy Lipe, and Karen Bucannon rode to Wurth's Dairy to purchase milk. When they reached the milk store, Marilyn and Karen got out of the car. Vaughan remained in the driver's seat; Cindy sat in the right rear seat. While the two girls were inside the store, the defendant came along-side the passenger's side of the car and spoke to Vaughan through the window.

The defendant purportedly asked the complaining witness if he wanted to buy "dope." Vaughan declined the offer. At this moment, the two girls came out of the store and a security guard appeared on the scene. According to the testimony of the three witnesses, the defendant then pulled out a gun and requested Vaughan to take it from him. When Vaughan refused to take the gun, the defendant pointed the gun at him and told him to take him away from the area. The two girls got into the back seat and the defendant got into the front seat. The three occurrence witnesses agreed that Vaughan drove the car approximately one block and then dropped the defendant off. The witnesses were also in agreement that as the defendant got out of the car, he took a case containing stereo tapes. Two of the witnesses, Vaughan and Marilyn Lipe, testified that the defendant took the tape case with his left hand while holding

the gun in his right hand. Vaughan further stated that he had asked the defendant what he was doing as the accused left the car with the tapes.

The State's final witness was Police Sergeant Lawrence Brewer. He testified that the defendant had given him a statement regarding the incident in question. Brewer read the statement into the record.

After the State rested its case, the defendant moved for a directed verdict. The trial court denied the motion. The defendant offered no evidence on his behalf. Court was adjourned. On the following day, November 28, 1973, the court conducted the conference on instructions. The defendant submitted instructions on the offense of theft, to which the State did not object. The State, however, objected to the defendant's instructions on the crime of robbery. The court sustained this objection. Thereafter, the court charged the jury.

Prior to the announcement of the jury's verdict, the defense counsel moved for a mistrial. Counsel explained that defendant's theft instructions were inappropriate and inconsistent with his actual theory of defense. One instruction defined theft by threat and the other theft by deception. The court rejected the defendant's motion because defense counsel had himself offered the allegedly prejudicial instructions.

The trial court entertained the defendant's motion for a new trial on March 1, 1974. In his motion the defendant listed two major defects in the instructions: (1) defendant's tendered instructions on robbery were rejected; (2) the court charged the jury with contradictory instructions on the offense of theft. The court denied the defendant's post trial motion.

The defendant here contends that the jury was improperly instructed by the trial court. In particular, the defendant contends that the trial court erred in refusing to give the robbery instructions (Illinois Pattern Jury Instructions (Criminal) 14.03, 14.04) he had requested.

■■ After arguments of counsel it is the trial court's duty to instruct the jury as to the law. If there is any evidence supporting the defendant's theory of the case, then the court should allow an instruction tendered by the defendant that embodies his theory (*People v. Dortch,* 20 Ill.App. 3d 911, 314 N.E.2d 324), unless the proffered instruction is repetitive, framed in language not authorized by Supreme Court Rule 451 (Ill. Rev. Stat. 1973, ch. 110A, par. 451(a)), or is an inaccurate statement of the law. Where there is evidence which, if believed by a jury, would reduce a crime to a lesser included offense, an instruction defining the offense should be given. (*People v. Jones,* 384 Ill. 407, 51 N.E.2d 543; *People v. Dortch,* 20 Ill.App.3d 911, 314 N.E.2d 324.) This rule is applicable even if the theory of defense is inconsistent with the possibility that the defendant is guilty of the lesser crime. *People v. Scalisi,* 324 Ill. 131, 154

N.E. 715: *People v. McVet,* 7 Ill.App.3d 381, 287 N.E.2d 749; *People v. Bembroy,* 4 Ill.App.3d 522, 281 N.E.2d 389.

■■ In the instant case instructions supporting the defendant's theory of theft, a lesser included offense of the crime of armed robbery, were accepted by the trial court and given to the jury. If the jury had believed the defendant's confession, *i.e.,* that he took the tapes and tape case from the inside of the complaining witness' car without the use of force and without threatening the imminent use of force, the defendant would have been guilty of theft, not robbery. The offense of robbery requires the taking of property "from the person or presence of another by the use of force or by threatening the imminent use of force." (Ill. Rev. Stat. 1971, ch. 38, par. 18—1.) A review of the record reveals that no evidence was introduced by either the State or the defendant to show that the defendant used force or threatened the imminent use of force in a manner other than his display and brandishment of a gun, which supports the greater offense of armed robbery. On this record the defendant was not entitled to instructions concerning the offense of robbery. (See *People v. Luna,* 37 Ill.2d 299, 226 N.E.2d 586.) Consequently, we find no error in the trial court's refusal of the defendant's instructions on the offense of robbery.

The defendant's only other contention is that he was prejudiced by purportedly contradictory jury instructions on the crime of theft. Specifically, the defendant argues that the trial court erred not only in charging the jury with both the offenses of theft by deception and the crime of theft by threat but also in refusing to order a mistrial because of the allegedly inconsistent instructions.

■■ In the present case defense counsel himself tendered the two theft instructions. Since the defendant does not argue that his appointed counsel was incompetent, we are inclined to apply the well-established presumption that counsel acts and speaks for his client and find that the defendant cannot complain of alleged inconsistencies in the theft instructions.

■■ However, even assuming, *ad arguendo,* that error did result because of the purportedly inconsistent theft instructions, the error would not have been of sufficient magnitude to require reversal and remandment. Where the evidence is clear and convincing and proof of guilt is so conclusive that no verdict other than the one finding the defendant guilty could have reasonably been returned, error in instructions will not necessarily require reversal. *People v. Truelock,* 35 Ill.2d 189, 220 N.E.2d 187; *People v. Castro,* 10 Ill.App.3d 1078, 295 N.E.2d 538.

Three eyewitnesses in the case at bar testified that the defendant, while armed with a gun, entered their car and upon leaving took a case con-

taining stereo tapes. The only evidence contradicting this testimony was an out-of-court statement given by the defendant to a police officer in which the accused substantially admitted all the facts tesified to by the State's occurrence witnesses, but stated that he was not carrying a gun during the incident. We find the foregoing evidence of the defendant's guilt of the offense of armed robbery clear and convincing. No verdict other than that of guilt could reasonably have been returned by the jury. Although the record contains no evidence that the defendant deceived anyone in obtaining unauthorized control over the stereo tapes and tape case, we are of the opinion that under the circumstances the giving of the theft by deception instruction was not so prejudicial to the defendant to require reversal and remandment for a new trial.

For the foregoing reasons, we affirm the judgment of conviction entered by the circuit court of St. Clair County and the sentence imposed thereunder.

Affirmed.

JONES, P. J., and G. MORAN, J., concur.