THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARVIN MORGAN, Defendant-Appellant.

(No. 60738; ▮▮▮▮▮▮▮▮▮▮)

First District (4th Division)—October 8, 1975.

*Rehearing denied November 5, 1975.*

JOHNSON, J., dissenting.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Donald M. Devlin, and Paul B. Linton, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Marvin Morgan, was charged by complaint with criminal trespass to land. (Ill. Rev. Stat., 1973, ch. 38, par. 21—3). In a bench trial, the defendant was found guilty and sentenced to serve a term of 20 days in the House of Correction. On appeal, the defendant contends that he was not proven guilty of the statutory violation beyond a reasonable doubt.

At the trial, Roland Leonards, a house detective employed by Goldblatt Brothers Department Store, testified that on Saturday, June 1, 1974,

approximately at 2:15 p.m., he saw someone in a corner of the tenth floor of the store. He indicated that, since it was not a regular working day for employees in the offices of that floor, no one else was present on the floor except for the defendant and himself. When asked to identify himself, the defendant attempted to run down the stairs. Leonards who testified that he approached defendant, further related that he stopped the defendant on the same floor on Saturday, May 4, 1974, at which time the defendant was questioned in the store's security office. When asked at that time why he was on the tenth floor, the defendant replied that he was looking for a W-2 form. After informing the defendant that the offices were closed, Leonards, and two other security personnel, told him not to come back on that floor again since he was not employed by Goldblatts.

The defendant took the stand in his own defense and testified on direct examination that on June 1, 1974, while looking for some television sets, he inadvertently got off the elevator at the tenth floor. He admitted that he knew he was not supposed to be there but said he forgot. While attempting to leave the tenth floor by the stairs, he met Leonards and informed him that he was looking for one of the store's employees. He also denied that he was running and hiding.

On cross-examination, the defendant stated that the televisions were located on the third floor but the elevator he was in went straight up to the tenth. When he realized that he was on the wrong floor, he proceeded to take the stairs down to the third floor since the elevator door had already closed. He further testified that a lady downstairs informed him that the employee he was inquiring about was on the tenth floor and that if he could not find the employee, he would leave the building.

Section 21—3 of the Criminal Code provides in pertinent part:

"(a) Whoever enters upon the land or any part thereof of another, after receiving, immediately prior to such entry, notice from the owner or occupant that such entry is forbidden, or remains upon the land of another after receiving notice from the owner or occupant to depart, commits a Class C misdemeanor.

(b) A person has received notice from the owner or occupant within the meaning of Subsection (a) if he has been notified personally, either orally or in writing, or if a printed or written notice forbidding such entry has been conspicuously posted or exhibited at the main entrance to such land or the forbidden part thereof."
(Ill. Rev. Stat., 1973, ch. 38, p. 21—3(a)(b).)

The defendant contends that the State did not prove a material element of the offense, namely, that immediately prior to his entry, he was notified that such entry was forbidden. Defendant posits that anyone

could walk up to the tenth floor or take an elevator without being cognizant that it was unauthorized. Moreover, as Leonards testified on cross-examination, there were no printed nor written notices posted at the stairway or elevator entrance to the tenth floor. He further stresses that it is incredible for a statutory scheme which requires notice to be given "immediately prior to entry" could be satisfied by notice given 27 days previous to the date of the complained of offense. We are not in accord.

■■ Judicial interpretation of section 21—3 has indicated that this legislative enactment creates two distinct offenses, the first precluding an entry on another's land subsequent to being warned that such entry is forbidden and, the second, remaining on another's land after being notified to depart. *People v. Mims* (1972), 8 Ill.App.3d 32, 34, 288 N.E. 2d 891, 893; *People v. Spencer* (1971), 131 Ill.App.2d 551, 553-54, 268 N.E.2d 192, 194.) While the latter offense was not applicable to the instant action, the defendant's own testimony established that he violated the former. The defendant did not refute, either on direct or cross-examination, the rationale behind his May 4, 1974, visit to the tenth floor offices, where he was brought into the security office and informed not to come back again. Moreover, the defendant admitted on direct examination that he was not "supposed to be up there" but simply forgot. We believe that defendant's own admission that he knew he should not have been there does evidence the fact that he entered a restricted area after receiving notice, immediately prior to such entry, that his entry was forbidden. Defendant's reliance on *People v. Mims* (1972), 8 Ill.App.3d 32, 288 N.E.2d 891, to buttress his contentions is also without merit since the cases are distinguishable on the facts. Unlike the instant case, the court in *Mims* pointed out that the record contained no indication, prior to defendant's entry, that he was notified that such entry was forbidden. However, as noted above, the defendant in the case at bar admitted receiving actual notice that he was not permitted on the tenth floor, but again knowingly ventured on that floor at a time when the usual office employees were absent. We therefore hold that he was proven guilty of criminal trespass to land beyond a reasonable doubt.

For the reasons given, the judgment of the circuit court is affirmed.

Affirmed.

ADESKO, J., concurs.

Mr. JUSTICE JOHNSON, dissenting:

I respectfully dissent from the opinion of the majority. The statute pertaining to criminal trespass to land states that notice must be given

"immediately prior" to the unauthorized entry. (Ill. Rev. Stat. 1973, ch. 38, § 21—3(a).) In my opinion, the statutory requirement of immediate notice was not satisfied under the facts in this case.

In construing a criminal statute, the legislative intention must be ascertained by examining the language employed, the evil to be remedied, and the objective sought to be accomplished. (*People v. Spencer* (1971), 131 Ill.App.2d 551, 268 N.E.2d 192; *People v. Gill* (1961), 30 Ill.App.2d 32, 173 N.E.2d 568.) It is presumed that the legislature intended words to have their ordinary meaning unless a statutory definition indicates a contrary intention (*People v. Spencer* (1971), 131 Ill.App.2d 551, 268 N.E.2d 192; *People v. LaPorte* (1960), 28 Ill.App.2d 139, 171 N.E.2d 95.) The ordinary meaning of "immediately" according to Webster's Dictionary (1971 ed.), is "next in line or relation, not secondary or remote."

The evidence in this case showed that there were no printed or written notices posted at the entrance to the tenth floor of the Goldblatt's building, either at the stairwell or elevator entrances. The only notice received by the defendant occurred 27 days prior to the incident. The intervening period of almost 1 month was, in my judgment, too remote to constitute immediate notice as required by the statute.

In *People v. Mims* (1972), 8 Ill.App.3d 32, 288 N.E.2d 891, a former student was arrested on school property. The arresting officer testified that he approached the defendant, who said he was in the building to visit friends, advised him that he was not to be on the premises, and immediately placed him under arrest. We reversed the judgment of conviction, stating at pages 34-35:

> "Although the State contends that the record establishes that defendant had knowledge that he was not to be on the school premises, the record contains no indication that 'immediately prior' to defendant's entry he was notified that such entry was forbidden. Thus, the conviction could not be sustained  *  *  *."

Similarly, in the instant case I would hold that the conviction should be reversed because the evidence failed to show that defendant received immediate notice prior to his entry that his presence upon the premises was unauthorized.