THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS EDWARD ULATOWSKI, Defendant-Appellant.

Fourth District   No. 14415

Opinion filed October 7, 1977.

894

Richard J. Wilson and Gregory K. Harris, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert C. Perry and James G. Condon, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE MILLS delivered the opinion of the court:

First impression.

What is the prescribed mental state for criminal trespass to land?

Ulatowski was convicted by a jury of criminal trespass to land and sentenced to 30 days imprisonment (plus costs). Defendant presented the following arguments on appeal: (1) was it error to refuse the tendered defense instruction of the effect of drugs on defendant's mental state? (2) and did the People fail to prove the defendant's guilt beyond a reasonable doubt since there was no evidence that the defendant believed the notice to leave given by the complaining witness?

Larry Collins introduced Ulatowski to Marlene Morgan at approximately 2 a.m. on the day in question. After the introduction, defendant and Collins entered Marlene Morgan's apartment. Collins soon departed but Ulatowski remained until approximately 5:30 p.m. on the day in question. What transpired during that 15½ hour period is the subject of dispute.

Ulatowski and Collins had been drinking before coming to Marlene's apartment and had procured some LSD tablets which they testified they and Marlene took while at the apartment. Marlene Morgan admits that defendant arrived with a bag of pills but denies that any of the pills were taken and—instead—contends that defendant brought a six-pack of beer with him which he consumed after he arrived.

After Collins had departed, Ulatowski and Marlene Morgan talked. Defendant contends that he was invited to stay as long as he wished, but Morgan, on the other hand, said she was only trying to be courteous and never told defendant that he could remain in the apartment. At about noon (10 hours after defendant's arrival), Tim Pental visited the apartment and—although there is a dispute as to how long he remained—it is uncontroverted that Ulatowski told Pental that he now lived at Marlene Morgan's apartment.

Soon after Pental's departure, Morgan began hinting that Ulatowski leave and when he did not take the hint, Morgan became very angry and threw his shoes at him and then pulled defendant out of the apartment by his hair. The pair struggled and defendant managed to get back into the apartment. This is when Morgan called the police. After some resistance by defendant which resulted in his arrest, the police escorted Ulatowski out of the apartment building. According to Ulatowski, it was only when

he was being led away that he first believed that Morgan might have meant what she had been saying.

At trial, defendant tendered the following instruction which was refused:

> "A drugged person is criminally responsible for his conduct unless his drugged condition renders him incapable of acting knowingly."

IPI Criminal No. 24.02; see Ill. Rev. Stat. 1975, ch. 38, par. 6—3.

We hold that refusal of this instruction was error and therefore reverse and remand for a new trial.

■■  We are concerned with the offense of criminal trespass to land. (Ill. Rev. Stat. 1975, ch. 38, par. 21—3.) The statute contemplates two distinct offenses: first, to enter upon the land of another despite a warning that entry is forbidden; second, to remain on the land of another after receiving notice from the owner or occupant to leave. (*People v. Morgan* (1975), 33 Ill. App. 3d 41, 337 N.E.2d 400; *People v. Spencer* (1971), 131 Ill. App. 2d 551, 268 N.E.2d 192.) We are dealing with the latter situation since Ulatowski originally entered the apartment with the occupant's permission.

■■  Defendant argues that in order to be convicted under the statute he must have had knowledge of the nature or attendant circumstances of his conduct as described by the statute and that his drugged condition prevented any such knowledge. The statute states that it is criminal trespass to remain on the land of another after notice to depart and makes no mention of any mental state. We hold, however, that a mental state is required and that a defendant must have knowledge of the attendant circumstances before he can be found guilty under the statute.

■■  As far as we can ascertain, this is a case of first impression in this State. There seems to be no Illinois case discussing the prescribed mental state for criminal trespass to land. The legislature has provided that no mental state need be proven in misdemeanor offenses where there is no possibility of imprisonment and no fine greater than $500. (Ill. Rev. Stat. 1975, ch. 38, par. 4—9.) However, criminal trespass to land can involve incarceration since it is a Class C misdemeanor. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—5—2(b)(3).) In fact, the defendant here was sentenced to 30 days in jail. This fact—when combined with the public policy of the statutory provision as evidenced by the committee notes to section 4—9— lead to the conclusion that a mental state is required even though the statute fails to expressly provide such an element.

■■  In the absence of an express statutory mental state, the Criminal Code provides that either knowledge, intent, or recklessness can apply. (Ill. Rev. Stat. 1975, ch. 38, par. 4—3(b).) We agree with defendant that knowledge (as defined in section 4—3 of the Criminal Code) is the appropriate mental state and best suits the crime of criminal trespass to land. The fact that the statute requires that the accused have notice that he

is trespassing implies that the defendant must have knowledge that he is on the premises without permission. To bolster this conclusion, it should be noted that knowledge is the required mental state for the analogous crime of criminal trespass to a vehicle. Ill. Rev. Stat. 1975, ch. 38, par. 21—2; *People v. Owes* (1972), 5 Ill. App. 3d 936, 284 N.E.2d 465.

■■ Therefore, in order to be guilty of criminal trespass to land, Ulatowski must have known that he had notice to depart the premises and remained in spite of this notice. Since knowledge is required for criminal trespass to land, we feel it was reversible error for the trial court to refuse defendant's proposed instruction concerning the negation of that element via LSD. If there is any evidence supporting the defendant's theory of the case, then the court should allow the instruction tendered by the defendant that embodies his theory. *People v. Williams* (1975), 31 Ill. App. 3d 161, 333 N.E.2d 655; *People v. Dortch* (1974), 20 Ill. App. 3d 911, 314 N.E.2d 324.

But—the People argue—even if the trial court erred in not allowing defendant's instruction, such error was not reversible since such a refusal will not always justify reversal when the evidence of defendant's guilt is so clear and convincing that a jury could not reasonably have found him not guilty. *People v. Truelock* (1966), 35 Ill. 2d 189, 220 N.E.2d 187; *People v. Ward* (1965), 32 Ill. 2d 253, 204 N.E.2d 741, *cert. denied* (1966), 384 U.S. 1022, 16 L. Ed. 2d 1026, 86 S. Ct. 1947.

■■ We do not believe, however, that the facts of the instant case concerning defendant's mental condition are so clear and convincing that a jury could not have reasonably found him not guilty.

Marlene Morgan testified that defendant appeared "stoned" when he came into the apartment, that he often stared blankly at her, talked gibberish, and did not react at all when she hit him in the face with his shoes. Defendant and his friend Collins testified that Ulatowski took LSD at the Morgan apartment and that he did not realize he was not welcome at the apartment until the police were taking him away. Officer Castello, one of the arresting officers, testified that he did not feel defendant was intoxicated but did state that defendant was unresponsive, stared blankly at the officers, and his movements were very slow.

From this evidence, a jury could reasonably have found that defendant did not have the requisite knowledge because of the effects of LSD. They should have been so instructed that taking LSD could negate the required mental element (Ill. Rev. Stat. 1975, ch. 38, par. 6—3), and thus refusal of defendant's instruction constituted reversible error. *People v. Hutchison* (1977), 46 Ill. App. 3d 725, 361 N.E.2d 328.[1]

On remand, the jury should be instructed that knowledge of the

---

[1] (Dissent, Mills, J.) *Hutchison* is cited for the limited proposition that failure to instruct the jury as to a necessary element of a crime is reversible error.

attendant circumstances is a required element of the crime of criminal trespass to land. See *People v. Lewis* (1969), 112 Ill. App. 2d 1, 250 N.E.2d 812.

■■   The other contention on appeal is that there was never effective notice here since there was no evidence that defendant believed Marlene Morgan's notice to leave. We feel that this issue is merely a part of the first issue and is controlled by its disposition. The pertinent part of the statute states that one is guilty of criminal trespass to land if he "remains upon the land of another after receiving notice from the owner or occupant to depart." (Ill. Rev. Stat. 1975, ch. 38, par. 21—3(a).) Therefore, since we have determined that defendant must knowingly remain on the premises after receiving notice to depart, this necessarily means that defendant must personally believe that notice to leave has been given. Thus, although the record abundantly demonstrates that Marlene Morgan told defendant that he should leave—since we have determined actual notice must be given—the jury must decide whether defendant believed Morgan or whether his condition prevented this. This issue of notice can be resolved (as the first issue was) by the trial court allowing the offered instruction and the clear flagging that knowledge is an element of the offense.

Reversed and remanded for a new trial.

CRAVEN, P. J., and REARDON, J., concur.