THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PHILLIP G. MORTENSON, Defendant-Appellant.

Second District   No. 2—87—1149

Opinion filed January 18, 1989.

Thomas Wilson Waters, of Lillig, Kemp & Thorsness, of Oak Brook, for appellant.

James E. Ryan, State's Attorney, of Wheaton, and Robert J. Huguelet, Jr., of Thomas F. Courtney & Associates, of Palos Heights (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

The defendant, Phillip G. Mortenson, was convicted of criminal trespass to land (Ill. Rev. Stat. 1987, ch. 38, par. 21—3) and was fined $25 and placed on court supervision. He appeals, contending: (1) that the complaint charging the offense was fatally defective as it failed to allege that the defendant was wrongfully upon the land of another or that he was on the land of another without agreement or arrangement at the time of the trespass; and (2) that because the defendant was on the land of another by virtue of a license, he was exempt from prosecution under the criminal trespass to land statute until such time as said license was revoked.

We determine that the defendant's contentions are without merit and affirm.

On July 11, 1987, the defendant, accompanied by two friends, paid $1.50 for a ticket to the Tivoli Theatre, a movie house located in Downers Grove, Illinois. During a premovie commercial, the defendant cheered and shouted, attracting the attention of the theatre manager, Greg Porcaro, who asked the defendant to be quiet. Defendant was uncooperative, and Porcaro directed him to go to the lobby to dis-

cuss the matter. The defendant refused, and Porcaro told him to leave or he would call the police; defendant again refused. Ultimately, Porcaro called the police, who arrested defendant in the lobby of the theatre.

The criminal complaint signed by Porcaro alleged the following, as relevant to this appeal:

> "[A]t or about the hour of 9:29 P.M. on or about the 11th day of July 1987 *** Phillip G. Mortenson hereinafter called the defendant committed the offense of CRIMINAL TRESPASS TO LAND in violation of section 21—3(a) *** to wit; that the said defendant knowingly remained upon the land of Greg G. Porcaro, located at 936 Warren Ave., Downers Grove, Illinois, Du Page County, after receiving notice from the Manager of the Tivoli Theatre, 936 Warren Ave., Downers Grove, (Greg G. Porcaro), to depart."

At a bench trial defendant presented his own testimony and that of his two friends; the State's sole witness was Greg Porcaro. All the witnesses testified that Porcaro told defendant to leave and that defendant refused to do so. The trial court found the defendant guilty of criminal trespass to land and, for reasons not made clear, ordered Porcaro to refund the admission price of the movie to the defendant and his friends. This appeal ensued.

■ Defendant contends that the complaint is insufficient on its face for failure to allege that he was wrongfully upon the land of another or, as an apparent alternative argument, for failure to allege that defendant was upon the land "without agreement or arrangement with the owner or his agent." Additionally, defendant contends that because he was in the theatre as an admission-paying patron holding a ticket, he was on the land by virtue of a license and thus could not be charged with criminal trespass until such time as the license was revoked. These issues were not raised by defendant in the trial court, either by pretrial or post-trial motion and, with regard to the defendant's license theory, we determine that this contention is waived (*People v. Arnett* (1985), 139 Ill. App. 3d 342, 344, 487 N.E.2d 747, 748), and it will not be considered further.

■ The defendant's challenge to the sufficiency of the criminal complaint will be considered, and the State correctly notes that when the sufficiency of a criminal complaint is attacked for the first time on appeal, a reviewing court will find it to be sufficient if it apprises the accused of the offense charged with sufficient specificity to prepare his defense and it prevents double jeopardy. (*People v. Pujoue* (1975), 61 Ill. 2d 335, 339, 335 N.E.2d 437; *People v. Burke* (1987), 164 Ill.

App. 3d 468, 474, 517 N.E.2d 1191.) The criminal trespass to land statute provides in pertinent part:

"(a) Whoever enters upon the land or a building, other than a residence, or any part thereof of another, after receiving, prior to such entry, notice from the owner or occupant that such entry is forbidden, or remains upon the land or in a building, other than a residence, of another after receiving notice from the owner or occupant to depart, commits a Class C misdemeanor.

(b) A person has received notice from the owner or occupant within the meaning of Subsection (a) if he has been notified personally, either orally or in writing, or if a printed or written notice forbidding such entry has been conspicuously posted or exhibited at the main entrance to such land or the forbidden part thereof.

(c) This Section does not apply to any person, whether a migrant worker or otherwise, living on the land with permission of the owner or of his agent having apparent authority to hire workers on such land and assign them living quarters or a place of accommodations for living thereon, nor to anyone living on such land at the request of, or by occupancy, leasing or other agreement or arrangement with the owner or his agent, nor to anyone invited by such migrant worker or other person so living on such land to visit him at the place he is so living upon the land." Ill. Rev. Stat. 1987, ch. 38, par. 21—3.

■■ ■ As courts have noted numerous times in the past, this statute delineates and prohibits two distinct kinds of conduct: "The first is entry upon land with notice that such entry is prohibited; the second is remaining upon land after notice is given to depart, without regard to the lawfulness of the initial entry." (*People v. Vazquez* (1971), 132 Ill. App. 2d 291, 292, 270 N.E.2d 229; see also *People v. Ulatowski* (1977), 54 Ill. App. 3d 893, 896, 368 N.E.2d 174; *People v. Morgan* (1975), 33 Ill. App. 3d 41, 43, 337 N.E.2d 400; *People v. Spencer* (1971), 131 Ill. App. 2d 551, 553-54, 268 N.E.2d 192.) As the defendant concedes in his brief, the facts of this case fall within the second category of proscribed conduct under which the elements of the offense are (1) an individual is on the land of another; (2) he is directed to leave by the owner or occupant; and (3) he does not leave. As the court in *Vazquez* held, whether the initial entry is lawful is irrelevant to this category of trespass, and it was thus not necessary for the State to allege in the complaint that the defendant was on the land wrongfully. It is apparent that all of the required elements of

criminal trespass to land are set forth in the complaint under which defendant was convicted in this case.

Alternatively, defendant asserts that the complaint must allege that he was on the land without an agreement or arrangement with the owner or owner's agent. This argument is apparently based upon subsection (c) of the statute, which exempts persons living on the subject premises from prosecution. The defendant fails to provide any citations of authority to support this contention in his brief (see 113 Ill. 2d R. 341(e)(7)); however, it appears that the arguments made by the defendant in support of his license theory, which we found to have been waived, may be applicable, and we will address them here.

Defendant relies upon *People v. Flanagan* (1985), 133 Ill. App. 3d 1, 478 N.E.2d 666, where a young man who lived with his mother was convicted of criminal trespass to land when he refused his mother's order to leave her house. In reversing the conviction, the appellate court applied subsection (c) of the criminal trespass to land statute, stating:

> "It was undisputed at defendant's trial that he was living at the Flanagan residence with his mother's permission, and was not a mere 'house guest.' ***

> Thus, whether defendant's mother wanted him off the premises and demanded his house key is irrelevant to the issue in this case. Defendant, as a person living on the premises with the permission of the owner, was exempt from prosecution under the criminal trespass to land statute." 133 Ill. App. 3d at 4-5, 478 N.E.2d at 668.

We note that the *Flanagan* court emphasized that because Flanagan was *living* on the land, with his mother's permission, the statute could not be applied to him. This holding follows from the clear and unambiguous language of the law. Ill. Rev. Stat. 1987, ch. 38, par. 21—3(c).

Mortenson, the defendant in the present case, characterizes *Flanagan* as a case involving an oral license (the mother's permission that the son live on her land) and revocation (the mother's demand that the son leave). This defendant seeks to place himself in Flanagan's shoes, asserting that his admission ticket provided him with an express written license to be on the premises, thus shielding him from prosecution under the criminal trespass to land statute. We do not agree.

*Flanagan* turned on the fact that the defendant was living on the land and whether his mother ordered him off the land was totally irrelevant. Flanagan's status as a person living on the land protected

him from any prosecution under the statute. To accept the defendant's invitation to extend the *Flanagan* holding to the present case is to hold that a theatre patron is not subject to the trespass statute, regardless of whether the manager demands that he leave and the manner in which such demand is made. We decline to so distort the statute.

■ Subsection (c) of the statute exempts from its terms persons living on the land with the owner's permission. Clearly, whether the owner's permission may be considered as a license, or some other arrangement, does not affect such persons' status. The converse is equally obvious and, if a person does not live on the land, permission to be there in any form does not bring him within the scope of the exemption of subsection (c).

Defendant does not here claim that he was living at the theatre on July 11, 1987, when the theatre manager directed him to leave. When defendant refused to leave the premises after notice to do so, he exposed himself to prosecution for criminal trespass to land. We conclude that the complaint is sufficient, as it alleges the requisite elements of the offense, and that he was not exempt from prosecution under subsection (c).

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

LINDBERG and REINHARD, JJ., concur.