(No. 28972.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PETE GOLSON, Plaintiff in Error.

*Opinion filed November 21, 1945—Rehearing denied Jan. 17, 1946.*

W. G. ANDERSON, (ELWYN E. LONG, of counsel,) both of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

Plaintiff in error entered a plea of not guilty in the criminal court of Cook county to an indictment charging

him with the murder of Marion Mason. He waived a trial by jury. The cause was tried before the court. The court found plaintiff in error guilty and entered judgment sentencing him to the penitentiary for a term of fourteen years. To review that judgment he has brought the record here by writ of error.

Plaintiff in error seeks a reversal of the judgment in this court on the ground that he claims he was acting in self-defense at the time he killed the deceased. The record shows that the killing occurred on July 18, 1944. Shortly before the killing, the deceased had met Thelma Clepper and her daughter, Mary Jane Ford, at a tavern. They left the tavern in the deceased's automobile, which he was driving. The three of them were seated in the front seat. The night was dark and rainy. The windows of the automobile were closed. When they reached the apartment building in which the women lived, another car was parked at the curb. This made it necessary for the deceased to stop his car in the street some eight feet from the curb. The two women and plaintiff in error were the only eyewitnesses to the shooting. The women testified that when the car was stopped, Mary Jane Ford, who was seated next to the car door, started to open the door for the purpose of getting out. About that time they observed plaintiff in error leave the curb and approach the automobile in which they were seated. They both testified that he had a gun in his hand and was running; that when he reached the car he immediately placed the gun against the glass in the righthand front window and started shooting through the glass at the deceased, who was seated behind the wheel. They testified that he fired at least three shots when the gun "clicked," without firing, and that he then ran away. Plaintiff in error testified that he approached the car for the purpose of opening the door and assisting the women in getting out of the car; that when he got close to the car he observed for the first time it was

the deceased who was behind the wheel; that he saw deceased reach with his left hand toward his pocket or the pocket on the inside of the door of the automobile, and was afraid he was reaching for a gun with which to shoot plaintiff in error. He also testified, and proved by other witnesses, that sometime before the night of the killing, the deceased had made threats against him and had told him that he was going to kill him. Proof of such threats was properly admitted by the court. Such proof was competent as bearing upon the conduct of the deceased testified to by plaintiff in error, and the interpretation he placed on such conduct. The only other evidence offered was proof tending to show that plaintiff in error was a peaceable and law-abiding citizen prior to the alleged offense. Under the evidence in this case such proof was insufficient to raise a reasonable doubt of his guilt of the crime charged.

Plaintiff in error cites and relies upon the well-known rule that where one is assailed in such a manner as to induce in him a reasonable and well-grounded belief that he is actually in danger of losing his life or of receiving great bodily harm, he will be justified in defending himself whether the danger was real or only apparent. This rule is well settled in this State. It had its origin in *Campbell v. People,* 16 Ill. 17. It has been adhered to in all subsequent cases where the element of self-defense was involved.

Section 149 of division I of the Criminal Code provides that if a person kill another in self-defense, it must appear that the danger was so urgent and pressing that in order to save his own life or to prevent his receiving great bodily harm, the killing of the other was absolutely necessary; and it must appear also that the person killed was the assailant or that the slayer had really, and in good faith, endeavored to decline any further struggle before the mortal blow was given. Ill. Rev. Stat. 1943, chap. 38, par. 367.

The rule is further settled in this State that mere threats of personal injury or even against the life of an-

other will not justify the latter in taking the life of the person who has made such threats, when he is doing nothing to put them into execution. This rule has been announced in many cases, the last announcement being *People* v. *Tillman,* 383 Ill. 560.

The testimony of plaintiff in error as to the acts of the deceased immediately before the fatal shots were fired, stands alone. It is in conflict with the testimony of the other two eyewitnesses, both of whom testified that they saw no acts on the part of the deceased such as plaintiff in error described. Moreover, their testimony as to the manner in which plaintiff in error approached the automobile with the gun in his hand before, according to his own testimony, he knew that the deceased was in the car, contradicts his testimony. There being a conflict in the testimony, it was a question of fact for the trial court which testimony was to be believed. Where a cause is tried without a jury the law commits to the trial judge the determination of the credibility of the witnesses and the weight to be accorded to their testimony, and where the evidence is merely conflicting, this court will not substitute its judgment for that of the trial court. (*People* v. *Ristau,* 363 Ill. 583.) The same rule has been announced in many other decisions of this court.

If the testimony of the two women who were eyewitnesses to the killing is to be believed, as it was by the trial court, there is no element of self-defense in the case. The testimony as to the ultimate facts being in conflict and the finding being dependent upon whether weight and credence should be given to the testimony of plaintiff in error or to the testimony of the other two eyewitnesses, we would not be justified in substituting our judgment for that of the trial court.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*