**People of the State of Illinois, Plaintiff-Appellee, v. Robert Jeffries, Defendant-Appellant.**

**Gen. No. 53,044.**

First District, Fourth Division.

December 11, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Shelvin Singer and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This appeal is from a judgment after a bench trial in which defendant was found guilty of committing an aggravated battery on one Joe Walker. He received a sen-

* See Callaghan's Illinois Digest, same topic and section number.

234

tence of two to three years in the penitentiary. The sole contention * on appeal is that defendant was not proven guilty beyond a reasonable doubt.

*Testimony of Joe Walker, complaining witness*

He was playing pool when he heard an argument in the front part of the tavern at which point he approached the two arguing parties, William Harris and the defendant. As he approached them he saw that the defendant was holding a gun in his hand out of Harris' sight. He then grabbed Harris and pulled him away, and as he turned back around, defendant shot him in the head. His left arm and left leg are now paralyzed.

He admitted that he had been drinking while playing pool—about three half-pints of Seven Crown mixed with water. He did not have any conversation with defendant nor say anything to him. He did not see a woman in the tavern by the name of Bettie Simmons; she was in the bathroom when the shooting occurred, and was not there while the argument between Harris and defendant was going on.

*Testimony of William Harris, for the State*

Defendant solicited him for a drink and he refused, claiming lack of money. An altercation started when defendant called him a liar. Walker, the complaining witness, then came up to the bar and, after a few words had been exchanged, told the defendant not to call Harris a liar. Defendant then challenged Walker to go outside and settle it, and Walker accepted the challenge. Then

---

* This cause was initially appealed directly to the Supreme Court on the grounds that the proof was inconsistent with the indictment. The indictment stated that the defendant had injured one Joe Walker, *Jr.*, whereas the proof established that the injured party was one Joe Walker. The Supreme Court held that there was no substantial constitutional question presented and transferred the cause to this court. During oral argument the point concerning inconsistency of indictment and proof was waived and thus will not be treated herein.

defendant "got up and turned around shot Joe (Walker)." He never saw a gun in defendant's hand while they were arguing; the first time he saw it was when defendant pulled it out to fire.

*Testimony of Bettie Simmons, for defendant*

Defendant offered to buy her a drink and then refused to buy one for Harris when Harris asked for one. A friendly argument ensued until Walker came over from the pool table and took Harris' side of the argument. Walker put on his right hand glove and challenged defendant to a fight. Defendant tried to avoid the fight, calling on both Harris and her to try to stop Walker. Walker pushed Harris and Simmons out of the way, at which time she ran for the bathroom and heard a shot. She did not see defendant with a gun in his hand.

*Testimony of Robert Jeffries, the defendant*

He entered the tavern in the afternoon and bought a drink for Bettie Simmons. Harris approached them and asked for a drink. Defendant refused to buy one claiming that he did not have any money, and a friendly argument took place. Walker approached the group and threatened defendant.

> "After that I begged him to leave me alone, not to jump on me. He kept on. I thought it was all over with. He walked away. I thought he left me alone. At the time he walked away I started to go out the door. When I looked back he was pushing Bettie and William out of the way and went into his pocket. That is when I shot him.
>
> "I didn't know what he had in his pocket. I was afraid of him. I know his reputation. I was afraid. He has had trouble in the past around the tavern before. I fired one shot. I was afraid suffering great bodily harm and in fear of losing my life at the time I fired.

"After it went off, I went outside. I went to my sister's house. I throwed the gun in the sewer. I throwed the gun away."

Defendant did not know what Walker had in his pocket; he had never seen Walker carry a gun but people had told him that Walker carried a gun.

OPINION

Defendant was charged with aggravated battery which is defined in the Criminal Code, Ill Rev Stats 1967, c 38, § 12-4:

> (a) A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery . . . .
>
> (b) A person who, in committing a battery . . . uses a deadly weapon . . . commits aggravated battery . . . .

Battery is defined in the Criminal Code, Ill Rev Stats 1967, c 38, § 12-3:

> (a) A person commits battery if he intentionally or knowingly without legal justification and by any means (1) causes bodily harm to an individual . . . .

The Criminal Code, Ill Rev Stats 1967, c 38, § 7-1, provides:

> A person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force. However, he is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself . . . .

237

■ In order to establish that his shooting of Walker was justified, defendant testified that he was afraid of Walker because of his reputation and that when Walker pushed Bettie Simmons and William Harris out of the way and went into his pocket, defendant shot him. However, he also testified that he had disengaged himself from Walker and was starting out of the door before he turned around and shot Walker. Besides, the People's evidence showed that Walker was shot as he turned away from defendant; no one saw a gun in Walker's possession that day. We have repeatedly held that where a cause is tried without a jury the law commits to the trial judge the determination of the credibility of the witnesses and the weight to be given to their testimony, and where the evidence is merely conflicting this court will not substitute its judgment for that of the trial court. (People v. Sally, 17 Ill2d 578, 162 NE2d 396; People v. Golson, 392 Ill 252, 64 NE2d 462.)

■ The evidence is sufficient to sustain the finding that defendant was guilty of aggravated battery and the judgment of the Circuit Court is affirmed.

Affirmed.

McCORMICK, P. J. and ENGLISH, J., concur.