THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRED DORTCH, Defendant-Appellant.

(No. 57883;

First District (2nd Division)—May 28, 1974.

Paul Bradley and Lynn S. Frackman, both of Office of State Appellate Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (James S. Veldman and Rick Petrone, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This was a prosecution for murder. A two-count indictment charged that on July 18, 1971, defendant Fred Dortch shot and killed his cousin, Lerdie L. Dortch. At his jury trial, there were nine eye-witnesses: five for the prosecution; four for the defense. At the close of all the evidence, defendant tendered, but the court refused to give the jury two instructions on voluntary manslaughter. Thereafter, the jury returned a verdict finding defendant guilty of murder and the court sentenced him to serve 35 to 100 years. The issue in this appeal is whether, under the circumstances of this case, it was error for the trial court to refuse the instructions on voluntary manslaughter.

I.

On July 17, 1971, at about midnight, Lerdie Dortch, a woman who was about 6 feet tall and weighed between 220 to 240 pounds, was in a tavern called the Palm Village on the southeast side of Chicago. Present were her "common law husband," her brother William Dortch, the five State eye-witnesses, defendant and his wife. All of them, including defendant, were related to each other either by blood or marriage.

From the evidence, it appears that at the time of this gathering, Lerdie had a 14-year-old son who was living in Mississippi. On the previous July 4 weekend, defendant, while there, either chastised or corporally disciplined the boy. When Lerdie saw defendant in the tavern, she asked

him why he had slapped her son. This inquiry, obviously unfriendly, precipitated a violent argument between them during which, according to six witnesses, defendant drew a knife out of his pocket. In the altercation that followed, the knife was knocked from his hand with one of the witnesses telling him that "\* \* \* you don't have to cut her." Defendant then left the tavern, saying to Lerdie, "Bitch, I'll be back."

However, he did not come back. In the meantime, at about 2:30 A.M., Lerdie and her companions left the tavern and went home. While they were in front of her house, defendant arrived in a car with his brothers Morris, Willie and a friend, Kirby Allen. According to the State's five eye-witnesses, defendant got out of the car with a .25 automatic gun in his hand. First, he threatened Thomas Dortch, another of Lerdie's brothers, and then shot Lerdie in the heart causing her death a short time later. According to defendant and his three eye-witnesses, when he was about to get out of the car, Lerdie came at him armed with a knife, again renewing in an abusive way the subject of their earlier argument in the tavern. While Lerdie was doing this, Lillian and Lorraine Dortch, each armed with a knife, came at defendant. At the same time, according to defendant and his eye-witnesses, Thomas Dortch approached defendant armed with a bottle. Defendant testified that he told Lerdie not to come near him because he did not want to hurt her. Despite what he said to her, Lerdie kept coming at him, she being "about six feet five, weighed 230 or 240 pounds" and he being "five feet seven and [weighing] 180 pounds." Defendant said that Lerdie took hold of him; that he had the gun in his right hand; he pulled the trigger, not knowing how many times; that he "\* \* \* was so panicky", all he "\* \* \* was doing was getting out of their way, backing up." It was under these circumstances, according to defendant and his witnesses, that he shot Lerdie.

## II.

■■ It is clear that if the State's evidence is accepted as true and the defense evidence rejected, defendant committed murder when he shot and killed Lerdie Dortch (*People v. Shannon*, 94 Ill.App.2d 110, 236 N.E.2d 369; *People v. French*, 3 Ill.App.3d 884, 279 N.E.2d 519.) It is equally clear that if the defense evidence is accepted as true and the State's evidence rejected, defendant committed a justifiable homicide or, at most, voluntary manslaughter. (See *People v. Motuzas*, 352 Ill. 340, 185 N.E. 614; *People v. Washington*, 54 Ill.App.2d 467, 204 N.E.2d 25.) However, since the evidence was conflicting, it was for the jury, with proper instructions, to decide whether the killing of Lerdie Dortch was murder or manslaughter, or whether it was justified as self defense.

*People v. Davis,* 35 Ill.2d 55, 61, 219 N.E.2d 468; see 40 Am.Jur.2d *Homicide* § 479; I.L.P. Homicide § 132.

■■■ It is a settled rule that where there is evidence which if believed by a jury would reduce a crime to a lesser included offense, an instruction defining that offense should be given. (*People v. Jones,* 384 Ill. 407, 51 N.E.2d 543; *People v. Harris,* 8 Ill.2d 431, 134 N.E.2d 315.) This rule is applicable even if the theory of defense is inconsistent with the possibility that the defendant is guilty of the lesser crime. (*People v. Scalisi,* 324 Ill. 131, 154 N.E. 715; *People v. Bembroy,* 4 Ill.App.3d 522, 525, 281 N.E.2d 389.) A defendant in a criminal case is entitled to have the jury consider any legally recognized defense theory which has some foundation in the evidence, however tenuous. (*United States v. Grimes* (7 Cir. 1969), 413 F.2d 1376; see *People v. Kucala,* 7 Ill.App.3d 1029, 288 N.E.2d 622.) Very slight evidence on a theory of defense will justify the giving of an instruction. *People v. Matter,* 371 Ill. 333, 20 N.E.2d 600.

■■ In this case, five State eye-witnesses testified that defendant deliberately and intentionally shot and killed Lerdie Dortch. Three defense eye-witnesses, and the defendant, testified that Thomas Dortch, armed with a bottle, and Lerdie, Lorraine and Lillian Dortch, all armed with knives, assaulted defendant as he was alighting from his automobile. A person who is assaulted so that he reasonably believes lethal force is necessary to prevent imminent death or great bodily harm to himself or another may resort to such force in self defense. *People v. Golson,* 392 Ill. 252, 64 N.E.2d 462.

■■ Recognizing this fact, the trial court, at defendant's request, gave the jury an instruction on self defense. It should also have recognized that an assault by several persons armed with knives is provocation which will reduce an intentional killing from murder to voluntary manslaughter. (See *People v. Kessler,* 333 Ill. 451, 164 N.E. 840.) Therefore, only under properly drawn instructions could the jury have resolved the issues presented by the evidence. We conclude that the trial court erred in refusing to give the jury any instruction on voluntary manslaughter. (See *People v. Joyner,* 50 Ill.2d 302, 278 N.E.2d 756; compare *People v. Zertuche,* 5 Ill.App.3d 303, 282 N.E.2d 201; *People v. Johnson,* 1 Ill.App. 3d 433, 274 N.E.2d 168.) The judgment is reversed and the cause is remanded for a new trial.

Reversed and remanded with directions.

HAYES, and DOWNING, JJ., concur.