THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JEROME LOCKETT, Defendant-Appellant.

Fifth District    No. 78-130

Opinion filed August 9, 1979.

KARNS, J., dissenting.

Apoian, Ross and Funk, P. C., of East St. Louis, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Patrick M. Young, Assistant
State's Attorney, of counsel), for the People.

Mr. JUSTICE KUNCE delivered the opinion of the court:

The defendant was convicted of murder after a jury trial in the
Circuit Court of St. Clair County. On appeal, he raises but a single issue:
whether the trial court erred in refusing to instruct the jury as to the
offense of voluntary manslaughter.

It is undisputed that the defendant shot and killed a 78-year-old man
named Henry Jones, Jr., who made his living by collecting bottles in a
pushcart in the city of East St. Louis. The 18-year-old defendant and the
two passengers in his automobile got into an argument with Jones about
his pushcart blocking the street. Jones threw some bottles at the
defendant's car. The defendant fired one shot from a revolver which
struck the victim in the head, killing him. The defendant fled the scene,
threw away the weapon, and was subsequently apprehended.

In a written statement taken by a police officer, the defendant stated that he and his passengers had started laughing at Jones after he pulled a smoking pipe from his pocket. Then, according to the statement:

"＊ ＊ ＊ the man said I've got something in here (and he was pointing at the Push Cart) that'll make you move, then the man reached down into the Cart and was bring up something brown, and that's when Fullalove [one of the passengers] said Lockett watch out and Fullalove was down on the seat and I thought the man had a gun so I got my gun from out of the waist can [waistband?] and shot one time at the man."

The investigating officers testified that the victim was dead when they arrived at the scene. They searched the area and the pushcart, which was full of glass bottles, but found no weapon. An empty whiskey bottle was lying near the victim's body. The cause of death was severe hemorrhaging from a bullet wound to the face. An acquaintance of the victim testified that he had known Jones for 13 years and had never seen him with a gun.

Gregory Lowery, one of the passengers in the defendant's automobile at the time of the shooting, testified that after they had started laughing at Jones,

"＊ ＊ ＊ he say I got something you all won't laugh at, and he reach back in the push cart like this, starting easing something out of the push cart. I seen this brown object, hollered look out, and ducked down in the seat."

According to Lowery, the brown object had a grip on it. He did not see the shot fired because he had ducked down inside the automobile.

The defendant testified that, after his passengers told him to watch out, he looked up and saw Jones coming at him with a gun.

"It wasn't no big caliber gun, it was a small gun. I fired one time to scare the old man. I didn't have murder in my heart. When I got the gun, I wanted to scare him enough to get out of the way, get out of his way."

According to the defendant, he was in the driver's seat and had to reach over his front-seat passenger and out the window to fire; he didn't fire just because the victim had been throwing bottles at them; the victim had started to come at him with a gun when he fired in the victim's direction; he was just trying to shoot over the head of the victim to scare him; the victim was coming up with the gun when the defendant fired; he had told the police officer to whom he gave the statement that the victim had had a gun.

At the close of all the evidence, defense counsel tendered instructions based on Illinois Pattern Instructions, Criminal, Nos. 7.03, 7.04, 7.05, and 7.06 (1968) (hereinafter IPI), the definitional and issues instructions on

voluntary manslaughter. Upon the objection by the State that the instructions were not supported by the evidence, the court refused to give them, stating:

"\* \* \* self-defense is seldom compatible with voluntary manslaughter. In fact, at one time you couldn't give a voluntary manslaughter instruction if your defense was self-defense. I think he based his shooting on the fact that Fullalove said something, and then he saw this brown object, which I think you can see lying in the street alongside the old man. The brown whiskey bottle. I think the old man was going to hit him with another bottle or throw a bottle. Must have been a real speed-ball coming at them from that 79-year-old man. No, I am going to refuse that instruction. \* \* \*"

The jury was instructed as to self-defense (IPI Criminal No. 24.06).

■■ ■ When there is evidence of record in a homicide case which, if believed by the jury, would reduce the crime to manslaughter, a manslaughter instruction should be given. (*People v. Handley* (1972), 51 Ill. 2d 229, 282 N.E.2d 131; *People v. Tiller* (1978), 61 Ill. App. 3d 785, 378 N.E.2d 282.) As the court said in *People v. Dortch* (1974), 20 Ill. App. 3d 911, 914, 314 N.E.2d 324, 326:

"This rule is applicable even if the theory of defense is inconsistent with the possibility that the defendant is guilty of the lesser crime. [Citations.] A defendant in a criminal case is entitled to have the jury consider any legally recognized defense theory which has some foundation in the evidence, however tenuous. [Citations.] Very slight evidence on a theory of defense will justify the giving of an instruction. [Citation.]"

Section 9—2(b) of the Criminal Code of 1961 provides that a person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the killing, but his belief is unreasonable. (Ill. Rev. Stat. 1973, ch. 38, par. 9—2(b).) IPI Criminal Nos. 7.05 and 7.06 would have instructed the jury to that effect.

After a careful consideration of the entire record, we have reached the conclusion that the court erred in refusing the tendered instructions. The jury could have concluded from all the evidence before it, despite some inconsistencies in the defendant's testimony, that the defendant killed Jones in the unreasonable belief that he was acting in self-defense. Since the evidence was conflicting, it was for the jury, with the benefit of proper instructions, to decide whether the killing was murder or manslaughter or justified as self-defense. (*People v. Dortch.*) The instant case is distinguishable from *People v. Tiller*, cited above, where this court concluded that the evidence admitted of no possible voluntary

manslaughter verdict. We therefore must reverse and remand this cause to the Circuit Court of St. Clair county for a new trial.

Reversed and remanded.

G. MORAN, J., concurs.

Mr. JUSTICE KARNS, dissenting:
The defendant testified he acted in self-defense. If the jury believed defendant he was entitled to be acquitted. In my opinion, there is no evidence in the record which would warrant the giving of a voluntary manslaughter instruction. As in *People v. Tiller* (1978), 61 Ill. App. 3d 785, 378 N.E.2d 283, the defendant was either guilty of murder or not guilty of any crime.