**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**James "Jamie" DOUGLAS, Martin L. "Marty" Pruitt, Leon Mason, and James Anderson, Defendants-Appellants.**

Nos. 86–2219, 86–2220, 86–2221 and 86–2222.

United States Court of Appeals, Seventh Circuit.

Argued March 2, 1987.

Decided May 6, 1987.

Rehearing Denied June 24, 1987.

---

Julie L. Friedman, Brian M. Collins, Chicago, Ill., Michael Higgins, Willowbrook, Ill., for defendants-appellants.

Frances C. Hulin, U.S. Atty., U.S. Atty's Office, Danville, Ill., for plaintiff-appellee.

Before CUDAHY, FLAUM, and RIPPLE, Circuit Judges.

FLAUM, Circuit Judge.

The defendants were indicted for conspiring to possess cocaine and heroin with the intent to distribute, and for conspiring to distribute cocaine and heroin. After a jury trial, the defendants were found guilty. The defendants raise a number of objections to their convictions. We conclude that, because the jury was inadequately instructed on the defendants' theory of defense, their Fifth Amendment rights were violated. We therefore vacate the defendants' convictions and remand for a new trial.

## I.

The defendants allegedly conspired to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1982) and 18 U.S.C. § 2 (1982). Because the facts surrounding the alleged conspiracy are disputed, we set forth only those facts that are necessary to understand our disposition of this case on appeal. We do not attempt to discern what sales occurred and how much was involved in the alleged sales.

The prosecution's theory was that the defendants were part of a large conspiracy to distribute cocaine and heroin. It is undisputed that each defendant, between the fall of 1983 and the spring of 1984, purchased cocaine and/or heroin from Jose ("Kiki") Castro. The quantity that each defendant purchased is in dispute. However, each defendant alleges that he bought cocaine and/or heroin solely for his own use. During the cross-examination of Castro, and other government witnesses, the defense attorneys attempted to show that the defendants were mere buyers. Castro's testimony, although confusing and contradictory, does state that he was not concerned with what the defendants did with the drugs. Moreover, at one point, he characterized Anderson as a "customer."

At the conclusion of the trial, the defendants collectively proffered five instructions.

The instruction that is critical to this case read:

> Mere proof of the existence of a buyer-seller relationship is not enough to convict one as a co-conspirator on drug conspiracy charges.

The court declined to give the instruction, believing that its instruction, which was based on the Seventh Circuit's model jury instructions, adequately incorporated the defendants' theory of defense.[1] The defendants did not object to this decision.

During the jury's deliberations, the jury sent a note to the trial judge. This note read:

> If person A accepts controlled substances from person B and person B is part of the conspiracy does A become part of the conspiracy by the act of receipt of the controlled substance alone.

The district court responded to the jury's request, without notifying the parties, stating, "Read the Court's instructions. The answer is contained in the instructions." The jury later returned a verdict finding the defendants guilty of conspiracy with the intent to distribute cocaine and heroin and conspiracy to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1982), and 18 U.S.C. § 2 (1982). Douglas, Mason, and Anderson were each sentenced to fifteen years in jail; Pruitt received nine years. The defendants filed a timely notice of appeal.

## II.

On appeal, the defendants raise numerous objections to their convictions. They object to the sufficiency of the evidence, the admission of certain evidence at trial, and the trial court's refusal to incorporate their proposed instructions into the court's jury charge. We conclude that the defendants' Fifth Amendment right to have the jury consider their theory of defense was violated in this case, because even though the record shows that the defendants' theory of defense at trial was that they were mere purchasers from the conspiracy, the trial court, relying on the pattern jury instructions, did not instruct the jury on this theory. Moreover, we believe that because the defendants' right to have their defense go to the jury was violated, they were denied a fair trial. We conclude that the jury may well have reached a different result had a buyer-seller instruction been given, and we therefore vacate the defend-

---

1. The relevant portion of the instruction was that:

> A conspiracy is a combination of two or more persons to accomplish an unlawful purpose. A conspiracy may be established even if its purpose was not accomplished. In determining whether the alleged conspiracy existed, you may consider the actions and statements of all the alleged participants. The agreement may be inferred from all the circumstances, and the conduct of all the alleged participants. In determining whether a defendant became a member of the conspiracy, you may consider only the acts or statements of that particular defendant. To be a member of a conspiracy, a defendant need not join at the beginning, or know all the other members, or the means by which the purpose was to be accomplished.
>
> The government must prove beyond a reasonable doubt from a defendant's own acts or statements that he or she was aware of the common purpose and was a willing participant. Any person who knowingly aids or abets the commission of a crime is guilty of that crime. However, that person must knowingly associate himself or herself with the criminal venture, participate in it, and try to make it succeed. Presence at the scene of a crime and knowledge that a crime is being committed are not sufficient standing alone to establish a defendant's guilt.

> To prove the offense of conspiracy, as charged in the indictment, as outlined for you in these instructions, the government has the burden of proving beyond a reasonable doubt each of the following propositions as to each defendant, considering each defendant separately:

> First, that the alleged conspiracy existed at or about the times claimed;

> Second, that the defendant under consideration knowingly and intentionally became a member of the conspiracy.

> If you find from your consideration of all the evidence that each of the propositions has been proved beyond a reasonable doubt, as to a defendant, then your verdict should be guilty as charged in the indictment as to that defendant.

> On the other hand, if you find from your consideration of all the evidence that either of the propositions has not been proved beyond a reasonable doubt as to a defendant, then your verdict should be not guilty as to that defendant.

> Remember you must consider each defendant's case separately.

ants' convictions, and remand the case for a new trial.[2]

## A.

■ Initially we must set forth our standard of review. Rule 30 of the Federal Rules of Criminal Procedure contains the requirements for preserving an objection to a district court's refusal of a proposed jury instruction for appeal. Merely submitting instructions is not sufficient. Instead, a defendant must object, on the record, to the judge's refusal to tender the defendant's instructions, and must clearly state the reasons for his or her objections. *United States v. Green*, 779 F.2d 1313, 1320 n. 6 (7th Cir.1985). Failure to meet the requirements of Rule 30 means that this court will analyze a defendant's objections on appeal under a "plain error" standard. *Green*, 779 F.2d at 1319–20; *United States v. Brown*, 739 F.2d 1136, 1143 (7th Cir.), *cert. denied*, 469 U.S. 933, 105 S.Ct. 331, 83 L.Ed.2d 268 (1984).

In this case, the defendants tendered their proposed instructions. The trial judge, at the instructions conference, refused them. However, after this refusal at the conference, the defendants failed to object. Thus, the defendants did not preserve their objections for appeal, and we must, accordingly, analyze this case under a plain error analysis.

■ Plain error must be of such a great magnitude that it probably changed the outcome of the trial. *United States v. Silverstein*, 732 F.2d 1338, 1349 (7th Cir. 1984), *cert. denied*, 469 U.S. 1111, 105 S.Ct. 792, 83 L.Ed.2d 785 (1985); *see also United States v. Windfelder*, 790 F.2d 576, 583 (7th Cir.1986) (*quoting United States v. Jackson*, 569 F.2d 1003, 1010 (7th Cir.), *cert. denied*, 437 U.S. 907, 98 S.Ct. 3096, 57 L.Ed.2d 1137 (1978)) (stating the test as " 'whether the instructional mistake had a probable impact on the jury's finding that the defendant was guilty' "). Judge Posner has explained the distinction between plain error and harmless error:

No doubt the difference between the standards of plain and of harmless error is small, but there is some, and there is a reason for it. Reversing a conviction on the basis of an error that the defendant's lawyer failed to bring to the judge's attention is inconsistent with the premises of an adversary system and disruptive of the efficient operation of the criminal justice system. It is justifiable only when the reviewing court is convinced that it is necessary in order to avert an actual miscarriage of justice....

*Silverstein*, 732 F.2d at 1349. Plain error analysis is not a panacea for every error of counsel; it is successfully employed only in the most compelling case. We must determine whether this is such a case, and whether the record reflects that the defendants were denied a fair trial.

## B.

We initially set forth the standard we use for determining whether the defendants in this case were entitled to their proposed jury instruction. " '[T]he defendant in a criminal case is entitled to have the jury consider any theory of the defense which is supported by law and which has some foundation in the evidence, however tenuous.' " *United States v. Boucher*, 796 F.2d 972, 975 (7th Cir.1986) (*quoting United States v. Grimes*, 413 F.2d 1376, 1378 (7th Cir.1969)); *United States v. Patrick*, 542 F.2d 381, 386 (7th Cir.1976), *cert. denied*, 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977); *accord United States v. Prieskorn*, 658 F.2d 631, 636 (8th Cir. 1981). However, the defendant is not necessarily entitled to have his or her particular instruction presented to the jury, *Green*, 779 F.2d at 1320; rather, the defendant is only entitled to have his or her theory presented to the jury, *Boucher*, 796 F.2d at 976 (citations omitted).

■ We hold that a defendant is entitled to an instruction on his or her theory of defense if: the defendant proposes a cor-

---

**2.** Because of our disposition of the case, we need not address the defendants' sufficiency of the evidence objections, evidentiary challenges, or challenges to the district court's failure to instruct the jury as to their other proposed instructions.

rect statement of the law; the defendant's theory is supported by the evidence; the defendant's theory of defense is not part of the charge; and the failure to include an instruction on the defendant's theory of defense in the jury charge would deny the defendant a fair trial. *Cf. United States v. Walker,* 720 F.2d 1527, 1541 (11th Cir. 1983), *cert. denied,* 465 U.S. 1108, 104 S.Ct. 1614, 80 L.Ed.2d 143 (1984) (discussing when a trial judge's failure to give a requested instruction is reversible error). A district court should state its reasons on the record, based on the standard that we set forth, if it declines to give an instruction on the defendant's theory of defense.

### 1.

■ We first examine whether the defendants' proposed instruction correctly stated the law. The defendants' proposed instruction was that "[m]ere proof of the existence of a buyer-seller relationship is not enough to convict one as a co-conspirator on drug conspiracy charges." Our cases make clear that merely purchasing drugs or other property from a conspiracy, standing alone, can never establish membership in the conspiracy. *See United States v. Manzella,* 791 F.2d 1263, 1265 (7th Cir.1986); *United States v. Keck,* 773 F.2d 759, 768 (7th Cir.1985); *United States v. Hyman,* 741 F.2d 906, 914 (7th Cir.1984); *United States v. Creamer,* 555 F.2d 612, 615 (7th Cir.), *cert. denied,* 434 U.S. 833, 98 S.Ct. 118, 54 L.Ed.2d 93 (1977); *accord United States v. Kapp,* 781 F.2d 1008, 1010 (3d Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 1220, 89 L.Ed.2d 330 (1986); *United States v. Dickey,* 736 F.2d 571, 583 (10th Cir.1984), *cert. denied,* 469 U.S. 1188, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985); *United States v. Solomon,* 686 F.2d 863, 876 (11th Cir.1982); *cf. United States v. Tyler,* 758 F.2d 66, 69 (2d Cir.1985) (Evidence that defendant helped a willing buyer locate a willing seller is insufficient to establish existence of agreement and make the defendant a part of the conspiracy.). Proof of a mere buyer-seller relationship, without more, is inadequate to tie the buyer to a larger conspiracy such as the one charged here.[3]

### 2.

■ Another important factor in determining whether a defendant is entitled to have an instruction regarding his or her theory of defense is whether the theory is supported by the evidence. Each drug conspiracy case must be analyzed according to its specific facts to determine whether a buyer-seller instruction is appropriate. A defendant is entitled to a buyer-seller instruction only if the instruction has some foundation in the evidence. In deciding whether an instruction is supported by the evidence in a particular case, a court may choose to consider such factors as the quantity of drugs involved, their resale value, whether the defendant is an addict, and whether the purchases, during the relevant time period at issue, were of the quantity and quality that a jury could reasonably believe are generally used for personal consumption. *See United States v. Franklin,* 728 F.2d 994, 998–1000 (8th Cir.1984) (collecting cases). Moreover, a court must consider whether the defendant has put forth the defense during trial.

In this case, the record shows that throughout the cross-examination of the government's witnesses, the defendants' defense was that they were mere purchasers. They also tried to prove, although the evidence is contradictory, that the quantities they purchased were small, of poor quality, and had little resale value. Moreover, the defendants, through the cross-examination of Castro, showed that they had no agreement with Castro to facilitate sales. We conclude that the record shows that the defendants' theory of defense was sufficiently supported by the evidence for

---

**3.** Some courts have limited the use of the buyer-seller defense to situations where there is a single sale and "(1) ... the buyer is one of the only two participants and (2) ... is a minor figure in a complex conspiracy so as to raise questions of whether he knew of the scope of

the conspiracy." *United States v. Thomas,* 768 F.2d 611, 615 (5th Cir.1985) (*citing United States v. Hamilton,* 689 F.2d 1262, 1272 (6th Cir.1982), *cert. denied,* 459 U.S. 1117, 103 S.Ct. 753, 74 L.Ed.2d 971 (1983)). We do not believe that the buyer-seller defense should be so limited.

the purpose of giving the proposed theory of defense instruction.

### 3.

■ The defendants must also show that the court's instructions did not adequately express their theory of defense. *See Green,* 779 F.2d at 1320. In this case, the district court declined to give the defendants' proposed instruction, believing that its instructions adequately covered the defendant's buyer-seller theory. We have closely examined the district court's instructions as a whole, and have concluded that a reasonable juror could not discern from the tendered instructions that one who is a mere purchaser from a conspiracy does not become a part of that conspiracy merely because of the purchase. This concern is buttressed by the question the jury sent to the judge during its deliberations.[4]

### 4.

Finally, the defendants must demonstrate that the district court's refusal to give an instruction on their theory of defense denied them a fair trial. *Boucher,* 796 F.2d at 976. In this case the evidence of the defendants' involvement with drugs was admittedly strong. However, the evidence that the defendants were a part of the conspiracy was far from overwhelming; the evidence could have been interpreted by the jury as indicating that the defendants were merely purchasers from the conspiracy. It is essential for purposes of the Fifth Amendment's requirement of a fair trial that the jury be able to evaluate "the credibility of the witnesses, the weight to be given their testimony and, following appropriate instructions, the adequacy of [defendants'] theory of defense." *Prieskorn,*

658 F.2d at 636. The jury was not provided this opportunity.

In this case, the district court understandably believed that its conspiracy instruction, which was based upon our own model instruction, was adequate. This case, however, involves a theory of defense that is not reflected in that instruction. We believe that the failure of the jury to be initially instructed on the defendants' theory of defense, where the evidence tying them to the larger conspiracy was tenuous, denied them a fair trial. Therefore, "[b]ecause the omission of th[is] explanatory instruction[ ] goes to the very basis of the jury's ability to evaluate the evidence, we conclude that a finding of plain error is warranted" in this case. *United States v. Hall,* 650 F.2d 994, 998 (9th Cir. 1981) (per curiam).

### III.

This is an extremely difficult case. The record reflects that the defendants were guilty of purchasing illegal drugs. However, the defendants were not charged with purchasing drugs, but rather with conspiracy to distribute drugs. As we have stated the defendants were entitled to have their buyer-seller theory of defense presented to the jury.

■ As a reviewing court, we must always be conscious of our standard of review. Our standard of review in this case is a stringent one. We must be convinced that the record, on its face, demonstrates that the failure to give the requested instruction was plain error. We hold that such an error is presented in this case. The defendants' requested instruction correctly stated the law and was based upon the evidence. Also, the instruction given

---

**4.** The jury sent a note to the judge during its deliberations, indicating its confusion over whether a buyer from a conspiracy becomes a part of the conspiracy, by means of the purchase. This note underscores the inadequacy of the tendered instruction to the extent that it did not clarify the jury's apparent confusion on this point. One court has reversed a conviction because it has concluded that the district court's response to the jury's question was inadequate. *See United States v. Bolden,* 514 F.2d 1301,

1308–09 (D.C.Cir.1975) (" 'Discharge of the jury's responsibility depend[s] on discharge of the judge's responsibility to give the jury the required guidance by a lucid statement of the relevant legal criteria. When a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy.' " *Id.* at 1309 (*quoting Bollenbach v. United States,* 326 U.S. 607, 612–13, 66 S.Ct. 402, 406, 90 L.Ed. 350 (1946)).

did not adequately cover the defendants' proposed theory. We believe that the district court's failure to give the defendants' theory of defense "so tainted the jury's deliberative tools that we simply cannot say that the verdict would probably have been the same had the error not been made." *Hall*, 650 F.2d at 998 (footnote omitted). We conclude, therefore, that the defendants were denied a fair trial.

VACATED AND REMANDED.