996 F.2d 1220
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Tamara D. JONES, Defendant/Appellant.
 No. 92-3941.
 United States Court of Appeals, Seventh Circuit.
 Argued June 15, 1993.
Decided June 18, 1993.
 
 Before BAUER, Chief Judge, and CUMMINGS, and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 A jury found Tamara Jones guilty of forging endorsement on Treasury checks, in violation of 18 U.S.C. § 510(a)(2), and obstructing correspondence, in violation of 18 U.S.C. § 1702. Jones appeals her conviction, arguing that the district court erred in refusing to give three proposed jury instructions which presented her theory of defense.
 
 I.
 
 2
 Archie Prince, the grandfather of Tamara Jones, was receiving monthly social security benefits. As a regular customer at the F & C Foodworld Store (F & C) in Fairmont City, Illinois, Prince became known to the manager, Barney Miller, because he often needed assistance. Due to Prince's difficulties, Miller made an arrangement with Prince which allowed Prince to easily cash his social security checks at the F & C. Miller gave Prince his business card; on the back of the card Miller had written "okay to cash Archie Prince's Social Security check."
 
 
 3
 When Prince's social security checks arrived in their shared mailbox, Jones would place Prince's "X" on the back of the checks in Prince's presence. Then Jones would go to the F & C, present Miller's card to the cashier, sign her name below the "X", and cash the checks.
 
 
 4
 After Prince died in August 1990, Jones continued to cash his social security checks. She would retrieve them from the post office box, place his "X" on the back, and cash them at the F & C as she had done before his death. Imprinted on the front of each of these checks was the statement "Forgery of Endorsements on Treasury Checks is a Federal crime, maximum penalty is a ten thousand dollar fine and ten years imprisonment." Between October 1990 and February 1991, Jones cashed $3,268 in her grandfather's social security checks. During this time period, she never informed F & C employees that her grandfather had passed away.
 
 
 5
 At trial, Jones admitted that she had cashed her grandfather's checks after his death in the above-described manner. However, she maintained that she was innocent of the charges because she believed that her grandfather could legally authorize her to continue to cash his social security checks for herself after his death. As her "theory of defense" Jones argued that she was unaware that her actions were illegal. She proposed several jury instructions which purported to present her theory; three of those instructions were denied by the district court.
 
 II.
 
 6
 The parties agree that the standard of review is plain error. Jones failed to preserve the issue for appeal because she made no objection to the district court's refusal to tender the instructions to the jury. Fed.R.Crim.P. 30; United States v. Douglas, 818 F.2d 1317, 1320 (7th Cir.1987) (citing United States v. Green, 779 F.2d 1313, 1319-20 (7th Cir.1985)). Plain error must be of such a great magnitude that it probably changed the outcome of the trial. Douglas, 818 F.2d at 1320 (citing United States v. Silverstein, 732 F.2d 1338, 1349 (7th Cir.), cert. denied, 469 U.S. 1111 (1985)). This court will reverse for plain error "only when ... convinced that it is necessary to avert an actual miscarriage of justice." United States v. Rivero, No. 91-1326, slip op. at 4 (7th Cir. May 19, 1993) (citations omitted).
 
 
 7
 As a general rule, a defendant is " 'entitled to have the jury consider any theory of the defense which is supported by law and which has some foundation in the evidence, however tenuous.' " United States v. Boucher, 796 F.2d 972 (7th Cir.1986) (quoting United States v. Grimes, 413 F.2d 1376, 138 (7th Cir.1969)). This does not mean that the defendant is necessarily entitled to have a particular instruction presented to the jury. Douglas, 818 F.2d at 1320 (citing Green, 779 F.2d at 1320). The defendant is entitled only to have her theory presetned to the jury. Id. (citing Boucher, 796 F.2d at 976).
 
 
 8
 Jones argues that the district court should have given three additional instructions. We have developed a four-part test for determining whether a defendant is entitled to a particular instruction on his or her theory of defense: "if the defendant proposes a correct statement of the law; the defendant's theory is supported by the evidence; the defendant's theory of defense is not part of the charge; and the failure to include an instruction on the defendant's theory of defense in the jury charge would deny the defendant a fair trial." Douglas, 818 F.2d at 1320-21.
 
 A. Defendant's Proposed Instruction 2A[1]
 
 9
 Defendant's proposed instruction 2A discusses the defense of good faith. Jones argues that the instructions which were given did not adequately tell the jury that if it found that Jones acted in good faith, she could not have acted with "intent to defraud."
 
 
 10
 The third factor in Douglas requires the defendant to show that the instructions given did not adequately express her theory of defense. Douglas, 818 F.2d at 1322 (citing Green, 779 F.2d at 1320). If the tendered instruction "necessarily encompass[es]" the defendant's theory of defense, she is not entitled to the instruction. United States v. Brimberry, 961 F.2d 1286, 1291 (7th Cir.1992) (because "willfulness" was an essential element of the charges, the instructions on willfulness "necessarily encompassed" defendant's theory of good faith reliance); United States v. Kelly, 864 F.2d 569 (7th Cir.), cert. denied, 493 U.S. 811 (1989); see United States v. Schwartz, 787 F.2d 257 (7th Cir.1986).
 
 
 11
 The instructions which were given placed the burden on the government to prove beyond a reasonable doubt that Jones knowingly took mail out of a mailbox before delivery to the person to whom it was directed as charged, that she intended to obstruct the correspondence, that she knew at the time that the checks were forged, and that she cashed the forged Treasury checks with intent to defraud. Govt.Sug.Jury Instr. 12. The court also gave the jury an instruction stating, "[t]o act with an 'intent to defraud' means to act knowingly and with the intention or the purpose to deceive or to cheat." Govt.Sug.Jury Instr. 15. The instructions defined "knowingly" as "the defendant realized what she was doing and was aware of the nature of her conduct, and did not act through ignorance, mistake or accident." Govt.Sug.Jury Instr. 14. Taking together the instructions which were given, the jury could not have found that Jones acted with the intent to defraud and simultaneously find that she acted in good faith. Furthermore, the entire trial focused on whether Jones knew that her actions were illegal; she admitted her conduct in her testimony and her lawyer pressed the good faith argument in closing argument. Even without a separate instruction, the jury was given the opportunity to consider whether Jones acted in good faith. The district court did not commit plain error by refusing to give defendant's proposed instruction 2A.
 
 B. Defendant's Proposed Instruction 3[2]
 
 12
 Defendant's proposed instruction 3 states that if the jury were to find reasonable doubt that Jones' mistake or ignorance of the law negates her intent to defraud then it should acquit her. Jones relies on Cheek v. United States, 111 S.Ct. 604 (1991), for the proposition that mistake or ignorance of the law is an excuse where mistake or ignorance negates an essential element of the crime. The government responds that this is an incorrect statement of law because Cheek applies only to Internal Revenue cases and cannot be invoked every time specific intent is at issue.
 
 
 13
 In Cheek the Supreme Court held that "willfulness" in the context of criminal tax liability means an intentional violation of a known legal duty. The Court determined that a claimed good-faith belief does not have to be objectively reasonable. We have refused to apply Cheek to cases concerning civil tax liability. Domanus v. United States, 961 F.2d 1323 (7th Cir.1992). In Domanus we interpreted Cheek to be the Supreme Court's intention to give special treatment to criminal tax offenses. Cheek had noted that "the general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system." Cheek, 111 S.Ct. at 609. Citing to the Supreme Court's frequent mentions of "special treatment of the criminal tax offenses" and "criminal" liability, we determined that "[t]he special definition of 'willfully' for criminal tax statutes is not required in applying civil tax statutes." Domanus, 961 F.2d at 1326.
 
 
 14
 Other circuits have similarly refused to apply Cheek and its subjective "mistake of law" defense when interpreting the meaning of the word "willfully" in the context of other criminal statutes. Many of these cases deal with the currency reporting and structuring statutes. See United States v. Aversa, 984 F.2d 493, 500 (1st Cir.1993) (en banc) ("Nowhere in Cheek, or in the Court's earlier opinions involving criminal prosecutions under the tax laws [citations omitted] is there any indication that courts should use a purely subjective standard in evaluating state-of-mind defenses under other federal statutes. Rather, the Cheek court repeatedly qualified its discussion of the point by referring to the special context--criminal tax prosecutions ..."); United States v. Caming, 968 F.2d 232 (2nd Cir.), cert. denied, 113 S.Ct. 416 (1992) (Cheek did not announce broad principle that government must prove that defendant aware of illegality of actions); United States v. Shirk, 981 F.2d 1382 (3rd Cir.1992) ("currency reporting and structuring laws are not as complex as the often Byzantine tax code ... [consequently] we need not extend ... the same 'special treatment' "); United States v. Rogers, 962 F.2d 342 (4th Cir.1992) (same); United States v. Pitner, 979 F.2d 156 (9th Cir.1992) (same).
 
 
 15
 Other criminal statutes have likewise been kept outside the reach of Cheek. See United States v. Remini, 967 F.2d 754 (2nd Cir.1992) ("[t]here is nothing so complex about the law of contempt as to set it apart from the rest of the criminal law to which 'ignorance ... is no defense' " (quoting Cheek, at 609)); United States v. Chaney, 964 F.2d 437 (5th Cir.1992) (false statements on bank records); United States v. Hollis, 971 F.2d 1441 (10th Cir.1992), cert. denied, 113 S.Ct. 1580 (1993) (Cheek does not apply in bank fraud and mail fraud because Cheek carved out an exception to the traditional rule that ignorance or mistake of law is a defense in order to give special treatment to criminal tax offenses). These cases all emphasize that Cheek abandoned the objectively reasonable test for the case in which the defendant was convicted for criminal tax violations due to the complexity of the tax code. Although occasionally allowing a defense of an objectively reasonable mistake of law, the cases generally interpret Cheek as announcing an exception to the general rule that mistake or ignorance of the law is no defense.[3]
 
 
 16
 Jones was not required to struggle through a complex maze of rules and regulations in order to glean a basic understanding of her legal obligations. The social security checks contained an express warning that forgery is a federal crime; Jones hoped that she might somehow be exempt. This is not the type of case which warrants special treatment.
 
 
 17
 Furthermore, the district court was not required to give defendant's proposed instruction 3 because its content was encompassed in the given instructions. Jones argues that she was entitled to the instruction because "mistake of law" negates the element of intent to defraud. She acknowledges that the instruction which defines "knowingly" states that the defendant did not act through mistake, but argues that the instructions should have specified "mistake of law." Even if defendant's proposed instruction 3 were a correct statement of law, the instructions which were given firmly placed on the government the burden of proving that Jones acted with intent to defraud. In refusing to instruct the jury on the opposite of intent to defraud, the district court did not commit plain error.
 
 C. Defendant's Proposed Instruction 4[4]
 
 18
 The government conceded that the first paragraph of defendant's proposed instruction 4 was a correct statement of law, but asserted that it was contained in the other instructions. The second paragraph, however, is not a correct statement of law. It is an argument. The proposed instruction does not state the law, see 7th Cir.Pattern Jury Instr. 1.01, but rather states what Jones would like the jury to believe. To the extent that it does express a statement of law, it is encompassed in the instructions which require the government to prove that Jones acted "knowingly" and with the "intent to defraud." The instruction was correctly refused.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 Defendant's proposed jury instruction 2A states as follows:
 The "good faith" of defendant is a complete defense to the charge contained in the indictment, because good faith on the part of the defendant is simply inconsistent with the intent to defraud or willfulness which is an essential part of the charge.
 A person who acts on a belief or an opinion honestly held is not punishable under these statutes merely because the belief or opinion turns out to be inaccurate, incorrect or wrong.
 
 
 [2]
 Defendant's proposed jury instruction 3 states as follows:
 Defendant claims that she did not know that she was breaking the law when she cashed her grandfather's Social Security checks. Generally, mistake or ignorance of the law is no excuse and is not a defense to criminal liability. An exception to this rule exists when a defendant's ignorance or mistake of law negates an essential element of the crime. An essential element of the crime charged here is that defendant intended to defraud. If the evidence leaves you the jury with a reasonable doubt as to whether Tamara Jones' mistake or ignorance of the law negates her intent to defraud, you must acquit her.
 
 
 [3]
 The government cites United States v. Buckner, 830 F.2d 102 (7th Cir.1987), to show this court's unwillingness to accept mistake of law as a defense. Buckner, a criminal tax case which pre-dated Cheek, held that misunderstanding of the law negates willfulness only if the defendant's beliefs are objectively reasonable. The Supreme Court expressly disagreed with this requirement in Buckner for "mistake of law" in Cheek. Cheek, 111 S.Ct. at 608-9, 611
 
 
 [4]
 Defendant's proposed instruction 4 states as follows:
 The defendant, Tamara Jones, has pleaded "not guilty" to the charge contained in the indictment. This plea of not guilty puts in issue each of the essential elements of the offense described in these instructions and imposes on the government the burden of proof beyond a reasonable doubt.
 Defendant Tamara Jones, moreover, contends that she is not guilty of the crimes charged because she believes her grandfather had the authority to authorize her to cash his Social Security checks after he died and that therefore she did not think she was acting illegally.